IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Christina Saechao and Kiana Ramsey, individually and on behalf of all others similarly situated, | § § § § | Civil Action No. ____ |
| Plaintiffs, | § § § § | |
| ELEVATED HOSPITALITY SERVICES, LLC DALLAS EHS VENTURE, LLC, PETAL PROPERTY VENTURE, LLC, AND DRAMON GLOVER AND ADAM GANS, INDIVIDUALLY, | § § § § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendants. | § § | |

## ORIGINAL COMPLAINT

**NOW COMES**, Christina Saechao and Kiana Ramsey, individually, and on behalf of all others similarly situated, Plaintiffs, and bring this action against Defendants Elevated Hospitality Services, LLC, ("Elevated"), Dallas EHS Venture, LLC ("EHS"), Petal Property Venture, LLC ("Petal") ("Elevated" "EHS" and "Petal" collectively the "Corporate Defendants") and Damon Glover and Adam Gans, individually, ("Glover" and "Gans" collectively the "Individual Defendants") and would show as follows:

### I.  OVERVIEW

1. Defendants failed to pay Plaintiffs, Christina Saechao and Kiana Ramsey, and those similarly situated to them in accordance with the Fair Labor Standards Act ("FLSA").

Specifically, Defendants required Plaintiffs and all others similarly situated to relinquish/share their tips to managers in violation of the FLSA, 29 U.S.C. § 203(m)(2)(B).

2. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. §216(b).

## II. PARTIES

3. Plaintiffs Christina Saechao and Kiana Ramsey are individuals who have a permanent residence in Dallas County, Texas and Tarrant County, Texas, respectively. Plaintiffs were employees of Defendants within the meaning of the FLSA and within the relevant three-year period. Plaintiffs did not receive the full amount of tips she should have received because they were required to relinquish/share their tips with company managers. Plaintiffs have consented in writing to be a party to this action pursuant to 29 U.S.C. §216(b). See Exhibit 1.

4. The class of similarly situated employees consists of all current and former waitresses employed by Defendants that were/are required to share their tips with company managers.

5. Defendant Elevated Hospitality Services, LLC. is a Delaware limited liability company with its principal place of business in Las Vegas, Nevada. It may be served through its registered agent: Cogency Global Inc. at 1601 ELM ST., SUITE 4360 DALLAS, TX 75201.

6. Defendant Dallas EHS Venture, LLC is a Delaware limited liability company with its principal place of business in Las Vegas, Nevada. It may be served through its registered agent: Cogency Global Inc. at 1601 ELM ST., SUITE 4360 DALLAS, TX 75201.

7.  Defendant Petal Property Venture, LLC is a Delaware limited liability company with is principal place of business in Las Vegas, Nevada.   It may be served through its registered agent: Cogency Global Inc. at 1601 ELM ST., SUITE 4360 DALLAS, TX 75201.

8.  Defendant Dramon Glover is the General Manager for Defendant Elevated.  He is a resident of Denton County and may be served with process at 921 Main Street Station Parkway #52001, Lewisville, Texas 757057 or wherever he may be found.  He may also be served as permitted under the Federal Rules of Civil Procedure.

9.  Defendant Adam Gans is the Regional Manager for Defendant Elevated.  He is a resident of Dallas County and may be served with process at 1300 Wyndmere Drive, Desoto, Texas 75115 or wherever he may be found.  He may also be served as permitted under the Federal Rules of Civil Procedure.

### III. JURISDICTION

10. This Court has jurisdiction over this lawsuit because the action arises under the Fair Labor Standards Act, a federal law.

### IV. VENUE

11. Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District.

### V. COVERAGE

12. The Corporate Defendants own and operate an American chain of adult entertainment venues with two locations in Dallas County which operate under the name Spearmint Rhino.

13. Defendants have been and are an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. 203(d).

14. Defendants have been and are an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

15. Defendants have been and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

16. Gans and Glover are also each an employer of Plaintiffs as that term is defined by the FLSA. 29 U.S.C.§ 203(d). This is because they each had the authority to hire or fire Plaintiffs and similarly situated employees in general, had authority to control and/or direct the work schedules and conditions of employment of Elevated's employees (including Plaintiffs), had authority to determine both the rate and method of Plaintiffs' compensation, and were ultimately in charge of maintaining Plaintiffs' employment records. As the General Manager and Regional General Manager respectively, Glover and Gans at all times acted, or had the power to act, on behalf of Elevated vis a vis its employees including Plaintiffs.

17. Plaintiffs were individual employees of Defendants engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§206-207.

18. Defendants issued paychecks to Plaintiffs and all similarly situated individuals during

their employment.

19. Defendants suffered, permitted or directed the work of Plaintiffs and similarly situated individuals, and Defendant benefited from work performed by Plaintiffs and similarly situated individuals.

20. Pursuant to Defendants' policy, pattern, and practice, Defendants did not pay Plaintiffs and other similarly situated individuals properly in accordance with the FLSA by requiring mandatory tip-outs to company managers and or taking tips earned by Plaintiffs and other similarly situated individuals.

## VI. FACTS

21. The Corporate Defendants own and operate an American chain of adult entertainment venues with locations in multiple states.

22. Plaintiffs Saechao and Ramsey were employed by Defendant Elevated from approximately March 2021 through July 27, 2022 and June 2022 through August 5, 2022, respectively, as waitresses making $2.13 per hour plus tips.

23. Plaintiffs worked at the Corporate Defendants' Garland, Texas location at 10920 Petal Street, Dallas, Texas 75238.

24. Plaintiffs' daily duties included serving customers and working with dancers to promote the business of Defendants. Plaintiffs were repeatedly instructed and encouraged by Defendants to up-sell various services of Defendants. This included making the sale of champaign room bottles - a sale whereby customers purchase bottles and take them to a designated VIP Room with one or more of the dancers ("Champaign Room"). Defendants would charge the customer for two transactions - the champaign room/bottle and the dancers services. In each case, the customer is given an opportunity to tip for the transactions - which customers routinely do.

25. Until approximately March of 2022, Plaintiffs received tips on any Champaign Room sales made to her customers. On information and belief, this has been the practice of Defendants for years and remains the practice at Defendants' other Dallas location. This changed at Defendants' Garland location where Plaintiff worked when salaried, exempt managers took the full Champaign Room tips for themselves - this despite the work done by Plaintiffs and similarly situated employees in making/assisting in the sales as well as performing clean up of the VIP rooms each night. In fact, the only act managers performed in the sale was running the customers credit card and walking them to the Champaign Room. Plaintiffs continued as the customers' server in all other respects and again was required to perform all other obligations as a server including cleanup of the VIP rooms each night. Plaintiffs and similarly situated employees have complained to the Individual Defendants Gans and Glover - who are both aware of of the practice and, on information and belief, benefit from same through a management tip pool.

26. Plaintiffs are aware of other current and former employees employed by Defendants who are similarly situated in that they have the exact same or similar job duties and were forced to relinquish or share their tips with company managers in violation of the FLSA.

27. The illegal patterns or practices on the part of Defendant with respect to requiring Plaintiffs and all other similarly situated to share and/or relinquish tips with company managers is in violation of the FLSA. Defendants knowingly, willfully or with reckless disregard of the FLSA's requirements carried out their illegal pattern or practice as stated above.

### VII.  COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs re-allege paragraphs 12-27 herein.

29. Plaintiffs are aware of other employees who have been victimized by the pattern, practice or policy of Defendants in violation of the FLSA. These employees are similarly situated to Plaintiffs because they perform the exact same or substantially similar job duties and were required to share their tips with company managers.

30. Upon information and belief, Defendants' requirement to take Plaintiff's tips for Champaign Room sales is a generally applicable policy and practice at Defendants' Garland, Texas location and does not depend on the personal circumstances of the members of the putative class. Thus, Plaintiffs' experience is very typical of the experience of the members of the putative class.

## VIII. COUNT ONE: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

31. Plaintiffs re-allege paragraphs 12-30 herein.
32. During the relevant period, Defendants have violated and are violating the provisions of 29 U.S.C. §203(m), by forcing Plaintiffs and those similarly situated to share and/or relinquish tips with/to company managers. Defendants have acted willfully in failing to pay Plaintiffs and those similarly situated in accordance with the law.

## IX. RELIEF SOUGHT

33. WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:
    a. For an Order finding Defendants liable for unpaid back wages/tips at the applicable rate due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to

Plaintiffs (and those who have joined in the suit);

b. For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

c. For an Order awarding Plaintiffs (and those who have joined in the suit) their attorneys fees;

d. For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: August 9, 2022

/s/ Clay A. Hartmann
State Bar No.: 00790832
The Hartmann Firm
400 N. St. Paul, Suite 1420
Dallas, TX 75201
(214) 828.1822
clay.hartmann@thehartmannfirm.com

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Christina Saechao, individually and on Behalf of all others similarly situated, | § § § | Civil Action No. \_\_\_\_ |
| Plaintiffs, | § § § § | |
| ELEVATED HOSPITALITY SERVICES, LLC DALLAS EHS VENTURE, LLC, PETAL PROPERTY VENTURE, LLC, AND DRAMON GLOVER AND ADAM GANS, INDIVIDUALLY, | § § § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendants. | § | |

## NOTICE OF CONSENT

I, the undersigned a current or former employee of Elevated Hospitality Services, LLC, hereby consent to be a party plaintiff in the above captioned lawsuit, which action is to collect unpaid compensation from Defendants. I have been given the opportunity to request and review a copy of the Fee Agreement with The Hartmann Firm and agree to be bound by its terms.

Christina Saechao
Full Legal Name (print)

3083 Herschel Ave 250
Street Address

Dallas          Texas          75219
City            State          Zip Code

341-799-4470
Phone

*[Signature]*
Signature

August 7th 2022

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Christina Saechao, individually and on Behalf of all others similarly situated, | § § § § § § § § § § § § § § | Civil Action No. ____ |
| Plaintiffs, | | |
| ELEVATED HOSPITALITY SERVICES, LLC DALLAS EHS VENTURE, LLC, PETAL PROPERTY VENTURE, LLC, AND DRAMON GLOVER AND ADAM GANS, INDIVIDUALLY, | | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendants. | | |

**NOTICE OF CONSENT**

    I, the undersigned a current or former employee of Elevated Hospitality Services, LLC, hereby consent to be a party plaintiff in the above captioned lawsuit, which action is to collect unpaid compensation from Defendants. I have been given the opportunity to request and review a copy of the Fee Agreement with The Hartmann Firm and agree to be bound by its terms.

_Kiana Ramsey_
Full Legal Name (print)

3016 Franciscan dr
Street Address

Arlington        Tx        76015
City        State        Zip Code

(432)517-2575
Phone

_[signature]_
Signature

1

Date